Record, to wit:
The State of Delaware vs. William Cloud, Jr. In a case of bastardy. Complaint made 9th August, 1837, before Justice Wilds, on the solemn oath of Maria Rash, that on the 4th June, 1837, she was delivered of a female bastard child, and that William Cloud, Jr., is the father of said female bastard child. Process issued and returned cepi corpus, 10th August, 1837, "when defendant appeared with approved surety and entered into a bond of indemnity, to the trustees of the poor, in the sum of $160; with William Cloud, Senr., surety before me, James D. Wilds, the justice aforesaid, when I did further order that the said William Cloud, Jr., pay to the said Maria Rash five dollars lying-in expenses, and one dollar and fifty cents per month, for each and every month, from the birth of said child until it shall arrive at the full age of seven years, if so long chargeable. The said allowance to be paid to the said Maria Rash, or *Page 362 
such person or persons having charge or keeping of said female bastard child."
The exceptions were, 1st, Because the record showed that the justice did not try the cause, nor did he decide and determine that the said William Cloud, Jr., is the father of said bastard child:
2d, Because the indemnity bond was taken to the trustees of the poor, whereas the same should have been executed to the State of Delaware:
3d. Because the said order of the justice ascertains no certain day at which the monthly allowance shall commence; the time of the birth of the child not being ascertained by the justice; nor does the order specify whether the month's allowance shall be for calendar or lunar months.
The act giving jurisdiction in cases of bastardy to justices of the peace, directs that "when it is determined that a person is the father of a bastard child, the justice shall order that the said person with sufficient surety or sureties become bound to the Stateof Delaware, by a joint and several obligation, in the penal sum of one hundred and sixty dollars; with condition, c. c., and that the justice shall further order that the said person pay for lying in expenses, and a monthly allowance for maintenance of the child everycalendar month from the birth until the child shall attain to the age of seven years, if so long chargeable." (Digest, 71.)
The first question that arose in the argument was, whether a certiorari would lie on a justice's order of filiation; which the court decided in the affirmative. The order of filiation is a judgment; the justice's court is a court of record,a
having the power to fine and *Page 363 imprison; and is subject to the supervisory power of this court on certiorari, to review and correct its proceedings. This court has all the powers of the Court of King's Bench on this subject.
The judgment in the case was reversed, on the ground taken in *Page 364 
the first exception, that there had been no hearing of the cause, and no determination that the plaintiff in error was the father of the child.
a Caldwell vs. Hodgson's adm'r. Supreme Court, Kent, October Term, 1793.
The court of a justice of the peace is a court of superior jurisdiction, and diminution may be alledged on the return of its record.
This case came before the court on the return of the proceedings of a justice of the peace to a certiorari.
Miller, for Caldwell, the appellant, on a suggestion filed of diminution, moved the court for a rule on the justice to amend his return.
Fisher, for the appellee, opposed the motion, contending that as the record had been returned by a judicial officer, the court ought not to presume a diminution; but rather that it was returned as perfect as the state of facts would permit. That diminution cannot regularly be alleged of proceedings returned from courts of inferior jurisdiction. 1 Salk. 266; Sid. 40. That the jurisdiction of justices of the peace must certainly be inferior.
3 Bl. Com. 37. Their powers as to civil suits are extremely contracted; founded on particular acts of assembly; only extend to small sums; and circumscribed by the bounds of a county. If the jurisdiction of a justice of the peace be superior, what is that of this court to be called.
Miller, contra. — Courts are properly devisible into supreme, superior and inferior, according to the English distribution. Superior courts are again divided into moreprincipal and less principal. In this last division it would seem justices' courts are included. 1 Bac. 558.
The true idea of an inferior jurisdiction involves circumstances and characteristics in no wise applicable to justices' courts. In its original creation it is confined to causes arising from contracts made, and circumstances occurring within the bounds of the jurisdiction. 1Bac. 562, 564; 7 Vin. 20, pl. 1, 2, 8, 22, pl. 8, 29, pl. 83.
In England, courts Palatine are considered as superior courts. 6Vin. 573, pl. 4. The court of Eli is inferior,
and differs from courts Palatine only in respect of jurisdiction of causes originating wholly or in part within the limits of its jurisdiction. 2 Sac. 204; 1 Bac. 633, 560-3.
The jurisdiction of justices of the peace is not thus contracted. In one sense, it extends all over the world; for they may as well take cognizance of contracts made in China as in Dover.
It is an essential quality of superior jurisdiction, that they be courts of record; and all courts are of record, which have the power to fine and imprison. Salk. 200, pl. 1; 1Bacon 559, 565. Justices of the peace have this power. 1Del. Laws, 142, 157. They are to keep fair entries or records of their proceedings. 1b. 157.
It would seem too, that most courts of inferior jurisdiction are founded on charter, prescription, c.; but that those of superior always originate either from positive statute or immemorial establishment in the common law. 7 Vin. 27, pl. 17; 1Bac. 562; 1 Lil. Abr. 507; G. 4.
Let it not be imagined that this jurisdiction cannot be a court of record, because it consists of but one person; for there are several courts of record in England, where one judge may administer justice. 1Bac. 555; 2 Haw. 3 § 10.
READ, Chief Justice. — The court had not much doubt upon the subject, through the whole course of the argument; but as this happened to be the first application of the kind since we have set here, we were desirous of having it pretty fully argued, that all doubt might be removed. This has been done; and we are now fully satisfied that courts of justices of the peace are of superior
jurisdiction; and consequently, that diminution may be alleged to the returns of their records. It appears pretty evidently, that this record justifies diminution, therefore
 Motion granted.